## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, §<br>§<br>    Plaintiff,    §<br>§<br>v.    §<br>§<br>1POOL LTD. a.k.a. 1BROKER and    §<br>PATRICK BRUNNER,    §<br>§<br>    Defendants.    § | Case No. _____ |

## COMPLAINT

Plaintiff Securities and Exchange Commission ("SEC"), for its Complaint against Defendants 1pool Ltd. a.k.a. 1Broker ("1Broker") and Patrick Brunner ("Brunner") (collectively, "Defendants"), alleges:

### SUMMARY

1.      From at least 2012 until September 2018, the Defendants have illegally offered and sold security-based swaps to U.S. investors through their website 1broker.com while failing to file a registration statement with the SEC.  As 1Broker's CEO and sole shareholder, Brunner controls 1Broker and its operations.  He is also the developer of the 1broker.com platform.

2.      On the 1broker.com website, the Defendants market the security-based swaps as "CFDs"—which is an acronym for "contracts for difference."  Through these CFDs, 1Broker accountholders can participate in the price movements of securities and other assets without actually owning the underlying asset.  For example, an accountholder can purchase a long or short position in a CFD that tracks the price of the stock of a publicly-traded U.S. company.  Then, depending on whether the stock price goes up or down, the value of the CFD will also go

up or down.  1Broker is the counterparty on every CFD, meaning it takes the opposite position of the accountholder on every CFD.  For example, if the accountholder takes a long position, 1Broker takes the corresponding short position.

3.      Because the values of the CFDs are tied to the values of underlying securities, market indices, or other financial assets or benchmarks, they are security-based swaps under the federal securities laws.  Absent certain exceptions (which do not apply here), the federal securities laws require that offerings in security-based swaps be registered with the SEC and that the transactions be executed on a registered national exchange.  Likewise, 1Broker—which acted as a dealer in the CFDs—was required to register with the SEC.  Because neither the CFDs nor 1Broker was registered and because the transactions were not executed on a national exchange, the Defendants violated the federal securities laws.  Brunner, who controlled 1Broker and directed its activities, was a culpable participant in 1Broker's violations.

## JURISDICTION AND VENUE

4.      The SEC brings this action under Section 20(b) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77t(b)] and Section 21(d) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78u(d)], seeking to permanently restrain and enjoin the Defendants from engaging in the unlawful acts, practices, and courses of business alleged herein.

5.      This Court has jurisdiction over this action under Sections 22(a) and (c) of the Securities Act [15 U.S.C. §§ 77v(a) and (c)] and Section 27(a)-(b) of the Exchange Act [15 U.S.C. § 78aa].

6.      The Defendants, directly and indirectly, made use of the mails or of the means or instrumentalities of interstate commerce in connection with the transactions, acts, practices, or courses of business described in this Complaint.

7.      Venue is proper because the transactions, acts, practices, and/or courses of business described below occurred within the District of Columbia.

## PARTIES

8.      Plaintiff SEC is an agency of the United States of America charged with enforcing the federal securities laws.

9.      Defendant Brunner, age 26, resides principally in Austria.  He is 1Broker's CEO, sole shareholder, and the only person authorized to represent the company.   He also developed 1Broker's software platform.

10.      Defendant 1Broker is a limited liability company registered as 1pool Ltd. in the Republic of the Marshall Islands.  Although the entity was registered in 2015, Brunner and 1Broker have utilized and maintained the 1broker.com website since 2012.

## FACTS

A.      *The Defendants offer security-based swaps to U.S. investors.*

11.      Since at least 2012, the Defendants have offered CFDs through their 1broker.com website, which is publicly available to anyone in the U.S. with internet access.  Using the website, a person can open an account by simply providing an email address and creating a user name.  Accountholders are not required to provide any additional information—such as full legal name, address, purpose of account, source of funds, etc.

12.      In order to buy and sell CFDs, accountholders must first fund their accounts. Only one form of funding is accepted—the digital currency Bitcoin.  Likewise, all payments made by 1Broker to accountholders are made in bitcoins.

13.      Once an account is funded, the accountholder can trade CFDs.  The value of the CFDs is based on the value of corresponding assets.  These assets include U.S. exchange-listed

stocks, commodities, and foreign-exchange pairs.  As explained on the 1broker.com website: "[u]nlike with options or other complex instruments the CFD price is one to one with the underlying market.  You can trade them virtually feeless and faster than shares, options or futures."  1broker.com also states that it provides accountholders "a selection of various current trade rates of certain securities […and t]he depiction of these Markets is based on current data from the exchanges and is updated on an ongoing basis."

14.     When trading the CFDs, accountholders select whether they want to take a long or short position.  Accountholders who purchase a "long" CFD profit if the price of the corresponding asset or index increases.  Accountholders who purchase a "short" CFD profit if the price of the corresponding investment decreases.  Like stocks on publicly-traded exchanges, all purchases and sales of CFDs are subject to a bid-ask spread—described as a "one-time fee" that 1Broker collects on transactions.

15.     1Broker also uses stock exchange terminology and provides broker-dealer functionality for opening and closing investment positions.  For example, 1broker.com includes a page labeled "Markets."  Within the Markets page, accountholders are presented with a series of choices—including Indices, Stocks, Commodities, Forex, and Crypto.  Within these markets, accountholders can choose to trade individual CFDs that fall within these categories.

16.     If an accountholder selects a stock from the menu of choices on 1broker.com, 1Broker provides various information about that company's stock.  This includes the U.S. exchange ticker symbol, real-time bid and ask prices quoted in U.S. dollars, maximum leverage amount, a stock price chart, and buttons labeled "Long" and "Short."  1Broker offers a wide array of CFDs with corresponding U.S.-based equities.  For example, an accountholder

considering a CFD in Bank of America Corp. common stock would see a screen that looks similar to this:



17.     1Broker acts as the counterparty on every CFD trade.  This means that when an accountholder takes a position in a CFD, 1Broker takes the other side of the trade (e.g., if an accountholder takes a long position in a stock, 1Broker takes the corresponding short position).

18.     The CFDs are security-based swaps as defined by the federal securities laws.  The Securities Act and the Exchange Act define a "security-based swap" in relevant part as any agreement, contract, or transaction that is based on a single security or the occurrence, nonoccurrence, or extent of an occurrence of an event relating to a single issuer of a security, provided that such event directly affects the financial statements, financial condition, or financial obligations of the issuer.  *See* 15 U.S.C § 77b(a)(17); 15 U.S.C. § 78c(a)(68); 7 U.S.C. § 1a(18).

B.      *The Defendants illegally offer the CFDs without registering with the SEC.*

19.      In order to protect investors, the federal securities laws require that securities offerings be registered with the SEC (absent an exemption).  For the same reason, absent an exemption, securities dealers are required to register with the SEC.  The Defendants failed to comply with these registration requirements.

20.      Security-based swaps are securities under the federal securities laws.  As detailed above, the CFDs—which have their value tied to stocks—are security-based swaps.  They are also, therefore, securities—and may not be offered or sold in the U.S. unless a registration statement has been filed with the SEC.  The Defendants failed to file a registration statement.

21.      1Broker offered and sold these security-based swaps through 1broker.com.  Investors from across the world—including the U.S.—had access to the website.  Although 1Broker and Brunner had the ability to restrict users' access to the website, as they did with Austrian investors, they continued to offer and sell these security-based swaps on the 1broker.com platform.  Brunner created the platform for the offer and sale, and personally corresponded with investors about the company and specific aspects of the CFDs.

22.      U.S. investors traded the CFDs through 1broker.com.  For example, a Special Agent with the Federal Bureau of Investigation, acting in an undercover capacity (the "UC Agent"), accessed the 1broker.com website while physically located in Houston, Texas and opened an account by providing only an email address and password.  The UC Agent then funded the account using bitcoins.  Later, while physically located in Washington, D.C., the UC Agent logged into 1broker.com and bought and sold CFDs that track the price of the common stock of Ford Motor Company.

23.     The UC Agent made all of the following trades at 1broker.com:[1]

| Date | Time (EST) | CFD | Action | Location |
|------|-----------|-----|--------|----------|
| 03/30/2016 | 11:25:17AM | WU | Buy | Houston |
| 03/30/2016 | 11:28:14AM | WU | Sell | Houston |
| 03/30/2016 | 11:34:02AM | WU | Buy | Houston |
| 03/31/2016 | 10:15:46AM | WU | Sell | Houston |
| 05/03/2016 | 2:28:33PM | GPRO | Buy | Houston |
| 05/03/2016 | 3:07:57PM | GPRO | Sell | Houston |
| 07/05/2016 | 11:33:24AM | GPRO | Buy | Houston |
| 07/05/2016 | 3:49:09PM | GPRO | Sell | Houston |
| 12/12/2016 | 2:14:24PM | F | Buy | D.C. |
| 12/12/2016 | 2:38:40PM | F | Sell | D.C. |
| 12/13/2016 | 9:31:06AM | F | Buy | D.C. |
| 12/13/2016 | 11:29:24AM | F | Sell | D.C. |

24.     1Broker and Brunner did not determine whether accountholders met certain discretionary trading thresholds. The unregistered sale of security-based swaps is legal when the sales are limited to "eligible contract participants"—which are high-net-worth individuals and certain types of sophisticated and/or regulated entities.  The sales of 1Broker CFDs were not so limited.

25.     Similarly, the CFD transactions were not effected on a registered national securities exchange, as required.  Instead, all of the sales took place through the 1broker.com website—which is not registered in the U.S.

26.     Finally, 1Broker illegally operates as an unregistered dealer.  The federal securities laws require that any dealer register with the SEC.  A dealer is any person (including an entity) engaged in the business of buying and selling securities for the person's own account.  Although certain exemptions apply to security-based swaps dealers, because 1Broker dealt in

---

[1] The UC Agent took a long position in each of these trades.  The CFD ticker symbols are: The Western Union Company (WU), GoPro Inc. (GPRO), and Ford Motor Company.

security-based swaps with non-eligible contract participants, it cannot avail itself of this exemption.

27.     Because it participated in every transaction as the counterparty, 1Broker was in the business of buying and selling CFDs for its own account. 1Broker charged a "fee" on each transaction in the form of a bid-ask spread.   Thousands of accountholders, including U.S investors, have utilized 1Broker's platform to transact in millions of dollars of bitcoin across their 1Broker trading accounts.

28.     In addition, 1Broker describes itself as the "market maker" for the CFDs.

29.     Despite the fact that it was acting as a dealer, 1Broker failed to register with the SEC.  In failing to do so, it violated the federal securities laws.

## CLAIMS FOR RELIEF

### First Claim
### Violations of Section 5(e) of the Securities Act

30.     The SEC re-alleges and incorporates paragraphs 1-29 by reference as if set forth fully herein.

31.     The Defendants, directly or indirectly, in the absence of any applicable exception, made use of the means or instruments of transportation or communication in interstate commerce or of the mails, to offer to sell, offer to buy or purchase or sell, a security-based swap to persons who are not eligible contract participants as defined in Section 1a(18) of the Commodity Exchange Act, without an effective registration statement.

32.     Consequently, the Defendants have violated and, unless enjoined, will continue to violate Section 5(e) of the Securities Act [15 U.S.C. § 77e(e)].

## Second Claim
### Violations of Section 6(l) of the Exchange Act

33.     The SEC re-alleges and incorporates paragraphs 1-29 by reference as if set forth fully herein.

34.     Defendant 1Broker effected transactions in security-based swaps with or for a person that is not an eligible contract participant, without such transaction being effected on a national securities exchange registered pursuant to subsection Section 6(b) of the Exchange Act [15 U.S.C. § 78f(b)].

35.     Because Defendant Brunner, directly or indirectly, controls 1Broker, he is also liable jointly and severally with and to the same extent as 1Broker pursuant to Section 20(a) of the Exchange Act [15 U.S.C. § 78t(a)].

36.     Consequently, the Defendants violated and, unless enjoined, will continue to violate Section 6(l) of the Exchange Act [15 U.S.C. § 78f(l)].

## Third Claim
### Violations of Section 15(a)(1) of the Exchange Act

37.     The SEC re-alleges and incorporates paragraphs 1-29 by reference as if set forth fully herein.

38.     Defendant 1Broker made use of the mails or means or instrumentalities of interstate commerce to effect transactions in, or to induce or attempt to induce the purchase or sale of, any security (other than an exempted security or commercial paper, bankers' acceptances, or commercial bills) without being registered in accordance with Exchange Act Section 15(b) [15 U.S.C. § 78o(b)].

39.     Because Defendant Brunner, directly or indirectly, controls 1Broker, he is also liable jointly and severally with and to the same extent as 1Broker pursuant to Section 20(a) of the Exchange Act [15 U.S.C. § 78t(a)].

40.     Consequently, the Defendants violated and, unless enjoined, will continue to violate Section 15(a)(1) of the Exchange Act [15 U.S.C. § 78o(a)(1)].

**RELIEF REQUESTED**

The SEC respectfully requests that this Court enter a judgment:

A.     Permanently enjoining the Defendants from violating Section 5(e) of the Securities Act [15 U.S.C. §§ 77e(e)] and Sections 6(l) and 15(a)(1) of the Exchange Act [15 U.S.C. § 78f(l) and 15 U.S.C. § 78o(a)(1)].

B.     Ordering the Defendants to disgorge, on a joint and several basis, an amount equal to the funds and benefits they obtained illegally, or to which they are otherwise not entitled, as a result of the violations alleged, plus prejudgment interest thereon.

C.     Imposing civil penalties upon the Defendants pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d) of the Exchange Act [15 U.S.C. § 78u(d)].

D.     Ordering such other relief as this Court may deem just and proper.

Dated:   September 27, 2018                    Respectfully Submitted,

                                               */s/ Chris Davis*
                                               Chris Davis
                                               Texas Bar No. 24050483
                                               Burnett Plaza, Suite 1900
                                               801 Cherry Street, Unit 18
                                               Fort Worth, Texas 76102
                                               (817) 900-2638
                                               (817) 978-4927 (fax)
                                               davisca@sec.gov

                                               ATTORNEY FOR PLAINTIFF
                                               SECURITIES AND EXCHANGE
                                               COMMISSION