IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | §<br>§<br>§ |
| Plaintiff, | §<br>§ |
| v. | § Case No. 1:18-CV-02244-TNM |
| 1POOL LTD. a.k.a. 1BROKER and<br>PATRICK BRUNNER, | §<br>§<br>§<br>§ |
| Defendants. | §<br>§<br>§ |

**FINAL JUDGMENT AS TO DEFENDANTS PATRICK BRUNNER AND 1POOL LTD. a.k.a. 1BROKER**

The Securities and Exchange Commission ("SEC") having filed a Complaint and Defendants Patrick Brunner ("Brunner") and 1Pool Ltd. a.k.a 1Broker ("1Broker") (collectively "Defendants") having entered general appearances; consented to the Court's jurisdiction over them and the subject matter of this action; consented to the entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph VI.); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants are permanently restrained and enjoined from violating, directly or indirectly, Section 5(e) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77e(e)] by, in the absence of any applicable exception, making use of the means or instruments of transportation or communication in interstate commerce or of the mails, to offer to sell, offer to buy or purchase or sell, a security-based swap to any person who is not an eligible contract participant as defined in

Section 1a(18) of the Commodity Exchange Act ("eligible contract participant"), unless a registration statement meeting the requirements of Section 10(a) of the Securities Act is in effect.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants are permanently restrained and enjoined from violating Section 6(l) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78f(l)] by effecting transactions in security-based swaps with or for a person that is not an eligible contract participant without such transaction being effected on a national securities exchange registered pursuant to subsection Section 6(b) of the Exchange Act.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants are permanently restrained and enjoined from violating 15(a)(1) of the Exchange Act [15 U.S.C. § 78o(a)(1)] by making use of the mails or means or instrumentalities of interstate

commerce to effect transactions in, or to induce or attempt to induce the purchase or sale of any security (other than an exempted security or commercial paper, bankers' acceptances, or commercial bills) without being registered in accordance with Exchange Act Section 15(b).

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants are jointly and severally liable for disgorgement of $26,167.00, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $1,059.16, and that Brunner is individually liable for a civil penalty in the amount of $26,167.00 under Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. Defendants shall satisfy this obligation by paying $53,393.16 to the Securities and Exchange Commission within 14 days after entry of this Final Judgment.

Defendants may transmit payment electronically to the SEC, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendants may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

    Enterprise Services Center
    Accounts Receivable Branch

6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Patrick Brunner and/or 1Pool Ltd. a.k.a. 1Broker as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendants shall simultaneously transmit photocopies of evidence of payment and case identifying information to the SEC's counsel in this action. By making this payment, Defendants relinquish all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendants.

The SEC may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendants shall comply with all of the undertakings and agreements set forth therein.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendants, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendants under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendants of the

federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

## VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: *March 4, 2019*

*/s/ TNMcFadden*
TREVOR N. MCFADDEN, U.S.D.J.